**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
NORAH LOVETT,

                              Plaintiff,

            - against -

SAG HARBOR SCHOOL DISTRICT, et al.,

                            Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV 04-3132 (JS) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

The firm of Roe Wallace Esteve Taroff & Taitz, LLP ("Roe Wallace"), acting through attorneys Linda Calder and Peter Taitz, seeks leave to withdraw as counsel for defendant Paul Strassfield ("Strassfield"). Docket Entry ("DE") 26. For the reasons set forth below the application is granted subject to the condition that the firm must continue to represent Strassfield until his deposition is concluded.

I.      Background

Plaintiff Norah Lovett ("Lovett") commenced this action pursuant to, among other things, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and New York Human Rights Law, New York Executive Law § 296, et seq., and 42 U.S.C. § 1983. Briefly stated, Lovett's lawsuit stems from allegations of sexual harassment, while working as an assistant principal at the Sag Harbor School District. DE 1.

On November 4, 2004, I held an initial conference and entered a discovery schedule, which required, among other things, for discovery to be completed on June 16, 2005. *See* DE 14, DE 15. Discovery appeared to be proceeding smoothly, until a discovery dispute arose in late May 2005. *See* DE 21, DE 22. At a conference on June 1, 2005, I resolved the outstanding

disputes and entered an amended scheduling order, which required all discovery, including depositions, to be completed by July 29, 2005. *See* DE 24, DE 25. Approximately one week later, Roe Wallace filed the instant motion to withdraw, claiming that Strassfield was not paying his attorneys' fees. DE 26. On June 14, 2005, Strassfield and his attorneys appeared before me to discuss this matter. At that time, I reserved decision on the motion. DE 28.

II.     Discussion

Courts previously presented with similar applications "have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (citations omitted). Standing alone, a client's failure to pay his counsel's fees is not necessarily sufficient to warrant allowing the attorney to withdraw, but requiring the attorney to continue to represent a client who has not paid and appears unable to do so may unfairly impose a financial hardship on the attorney. *See Rophaiel v. Alken Murray Corp.*, 1996 WL 306457, *1 (S.D.N.Y. June 7, 1996). Having now reviewed Roe Wallace's billing records as well as several e-mails between Strassfield and counsel, it appears that the latter appears to be the case: Strassfield will not be able to continue to pay his attorneys' fees, and requiring them to continue in the case would impose an unfair hardship upon them.

Allowing the firm to withdraw immediately, however, would impose an unfair hardship on both Strassfield and the efficient litigation of this case. The law firm's application comes at an inopportune time, on the eve of most depositions, including Strassfield's. The firm need not continue its representation for all of the depositions, but it would be unfair to allow it to

withdraw at this late stage without requiring it to continue through the completion of Strassfield's deposition.

III. Conclusion

Based on the foregoing, Roe Wallace's motion for leave to withdraw is granted subject to the condition that the firm must continue to represent Strassfield until his deposition is concluded. Once the deposition is completed, counsel shall file a letter advising me of that fact and I will then direct the Clerk to terminate the firm's appearance on the docket. Roe Wallace is directed to serve this order on Strassfield and file a certificate of service stating same.

**SO ORDERED.**

Dated: Central Islip, New York
       June 28, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge